# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelina Matos, individually and as parent : and natural guardian of S.M., a minor :

         v.         :   No. 1313 C.D. 2023

                 :   SUBMITTED: October 9, 2025

RM Knox Transportation, LLC, School : District of Philadelphia, Mastery Charter : School, and Charles Johnson :

Appeal of: School District of Philadelphia :

Angelina Matos, individually and as parent : and natural guardian of S.M., a minor :

         v.         :   No. 1314 C.D. 2023

RM Knox Transportation, LLC, School : District of Philadelphia, Mastery Charter : School, and Charles Johnson :

Appeal of: Mastery Charter School :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**         **FILED: November 14, 2025**


      The School District of Philadelphia and Mastery Charter School (together, Appellants) appeal from the orders of the Court of Common Pleas of Philadelphia County overruling their preliminary objections. Because this matter is

controlled by our decision and order in *L.F.V. v. South Philadelphia High School*, 340 A.3d 395 (Pa. Cmwlth. 2025) (*en banc*), *petition for allowance of appeal pending*, (Pa., No. 243 EAL 2025), we affirm.

The pertinent facts, as alleged in the amended complaint,[1] are as follows. *See* Original Record (O.R.) at 113-34.[2] The Charter School provides education to Philadelphia and Camden students at the elementary and secondary levels, and operates pursuant to a charter with the District. The Charter School contracted with RM Knox Transportation, LLC (Knox) to provide vehicles and drivers for the transportation of students to its campuses within the District. In the fall of 2022, Knox hired Charles Johnson as a bus driver despite his lengthy criminal record which includes terroristic threats, aggravated assault, simple assault, and both firearms and drug charges. Johnson was sentenced to and served multiple prison terms, having just been placed on supervised release from his most recent nine-year federal prison sentence in January 2022. Knox, the Charter School, and the District either failed to obtain or failed to review the required background checks and clearances for Johnson before permitting him to transport students.

S.M., an autistic minor, was enrolled as a student in the Charter School in the fall of 2022 and Johnson was her bus driver. "Between October 31, 2022 and November 17, 2022, Johnson systematically and continuously engaged in the sexual and physical abuse of S[.]M[.] in the Knox vehicle." O.R. at 120. Following an

---

[1] Because we are reviewing the trial court's orders regarding preliminary objections, "we must accept as true all well-pleaded, material, and relevant facts alleged in the [amended] complaint and every inference that is fairly deducible from those facts. We may reject conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *L.F.V.*, 340 A.3d at 398, n.2 [quoting *Marshall v. Se. Pa. Transp. Auth.*, 300 A.3d 537, 540 n.1 (Pa. Cmwlth. 2023)].

[2] References to the Original Record reflect electronic pagination.

investigation by the Philadelphia Police Department, Johnson was charged with multiple crimes including indecent assault, corruption of minors, unlawful contact with a minor, and endangering the welfare of children.

Angelina Matos, individually and as parent and natural guardian of S.M., filed a negligence suit against Knox, the District, the Charter School, and Johnson. As to Appellants, the amended complaint alleges that they breached their duty to S.M. to have on file clearances and background checks for all subcontractor employees, including Johnson, prior to allowing those employees to come into direct contact with children.[3] *See* O.R. at 123-31. Essentially, Matos claims that Appellants' omissions with respect to screening, monitoring, and supervising subcontractor employees such as Johnson allowed for the continuous and systematic abuse of at-risk children, and that S.M. suffered significant pain and injuries because of these failures. *Id.* Matos further asserts that Appellants are not entitled to immunity from suit pursuant to the sexual abuse exception to what is commonly known as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. § 8542(b)(9).[4] O.R. at 123, 127.

Appellants separately filed preliminary objections claiming that the sexual abuse exception to immunity does not apply under these facts and circumstances because Johnson was an independent contractor working for Knox, not an employee of the District or the Charter School; in other words, because the abuse was committed by a third party. The trial court rejected this argument and

---

[3] Section 1714-A(a)(2) of the Charter School Law (regarding powers of charter schools) provides that a charter school shall have the power to "[s]ue and be sued, but only to the same extent and upon the same condition that political subdivisions and local agencies can be sued." Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of June 19, 1997, P.L. 225, 24 P.S. § 17-1714-A(a)(2).

[4] This exception is also referred to by the parties as the ninth exception.

overruled the preliminary objections. Both Appellants appealed to this Court, and the matters were consolidated *sua sponte*. *See* Cmwlth. Ct. Order entered June 7, 2024.[5]

Appellants argue that the sexual abuse exception to the Act does not apply and therefore they are immune from suit because the alleged perpetrator of the abuse was not one of their employees. According to Appellants, the Act grants them expansive immunity, which is not abrogated by the criminal acts of a third party. However, the *L.F.V.* Court considered and squarely rejected these arguments, and we are bound by that determination. As in *L.F.V.*, the key allegation here is that Appellants' alleged negligence in failing to screen, monitor, or supervise bus drivers, and permitting those with criminal backgrounds like Johnson to come into direct contact with children, is what purportedly allowed the abuse to occur. In other words, Appellants can be liable for their negligence that enabled the sexual abuse, if not the sexual abuse itself. *See L.F.V.*, 340 A.3d at 409 ("a municipality may be liable for negligence that enabled harm by third parties").

Accordingly, we affirm the trial court's orders and remand for further proceedings.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

President Judge Cohn Jubelirer did not participate in the decision for this case.

---

[5] By Orders entered April 11, 2024, this Court also directed the parties to address the appealability of the trial court's orders disposing of the preliminary objections in their principal briefs on the merits or in an appropriate motion. As in *L.F.V.*, we agree with Appellants that the trial court's orders here are immediately appealable as collateral orders under Pa.R.A.P. 313 and *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359 (Pa. 2021). *See L.F.V.*, 340 A.3d at 399.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelina Matos, individually as parent :
and natural guardian of S.M., a minor :
:
v. : No. 1313 C.D. 2023
:
RM Knox Transportation, LLC, School :
District of Philadelphia, Mastery Charter :
School, and Charles Johnson :
:
Appeal of: School District of Philadelphia :

Angelina Matos, individually and as parent :
and natural guardian of S.M., a minor :
:
v. : No. 1314 C.D. 2023
:
RM Knox Transportation, LLC, School :
District of Philadelphia, Mastery Charter :
School, and Charles Johnson :
:
Appeal of: Mastery Charter School :

# **O R D E R**

AND NOW, this 14th day of November, 2025, the orders of the Court of Common Pleas of Philadelphia County are AFFIRMED, and we REMAND for further proceedings.

Jurisdiction relinquished.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita